**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
-----------------------------------------------------------------------X

SHUONTAY CAMPBELL

                                          CASE NO.:

        Plaintiff,


      -against-


AVANT SCHOOL OF EXCELLENCE, INC.,

            Defendant.

-----------------------------------------------------------------------X

**COMPLAINT AND DEMAND FOR JURY TRIAL**

      Plaintiff, SHUONTAY CAMPBELL (hereinafter referred to as "Plaintiff"), by and through undersigned counsel, hereby sues Defendant, AVANT SCHOOL OF EXCELLENCE, INC., (hereinafter "Defendant" or "AVANT"), and files this Complaint and alleges as follows:

**NATURE OF ACTION**

1. This action is brought under the Florida Civil Rights Act §760.01, et seq., Florida Statutes (FCRA); and the Americans with Disabilities Act ("ADA") to redress Defendant's violations due to Defendant's discrimination and unlawful termination of Plaintiff.

**JURIDICTION AND VENUE**

2. This court has jurisdiction pursuant to 28 U.S.C. § 1331 (federal question) and the Americans with Disabilities Act ("ADA").

3. The Southern District of Florida, Miami-Dade Division is proper under 28 U.S.C. § 1391 (b)(1) because Defendant is a resident of, has agents, and/or transacts its affairs in this district.

1

4.  Venue is proper because under 28 U.S.C. § 1391 (b)(2) because all or a substantial part of the events giving rise to this cause occurred in this district.

## PARTIES

5.  Plaintiff is an individual woman residing in Miami-Dade County, Florida for all times relevant to this action.

6.  Defendant is a Florida Not for Profit entity located in Miami-Dade County.

7.  At all times relevant to this action, Plaintiff was an employee of Defendant.

8.  At all times relevant to this action, Defendant was an employer within the meaning of the ADA.

9.  At all times relevant to this action, Defendant is an employer with 20 or more employees.

## STATEMENT OF FACTS

10. Plaintiff brings forth this action in Federal Court pursuant to the FCRA and ADA.

11. AVANT is a preparatory college school.

12. On or about August 14, 2018 Plaintiff CAMPBELL was hired by AVANT as a Mathematics Teacher.

13. Plaintiff CAMPBELL made Defendant aware of the difficulties she experienced in the classroom.

14. In light of this issue, Plaintiff CAMPBELL asked for assistance from other teachers and team leaders to help control and manage her classroom. Plaintiff requested assistance from leadership as well as support in the form of another teachers' help.

15. In light of the above issue, Plaintiff CAMPBELL asked for assistance from other teachers and team leaders to make necessary changes to the overall make up of her class.

16. Again, Plaintiff CAMPBELL was not given the assistance or support which she sought from her superiors.

17. Due to the work-related stress, Plaintiff CAMPBELL'S blood pressure began to rise causing her to feel dizzy and light-headed while in the classroom.

18. At all relevant times to this action, Plaintiff requested breaks, employees without a disability, outside of her protected class, were given breaks while she was not.

19. In or around September 17, 2018, Plaintiff CAMPBELL was teaching and was suddenly rushed to the hospital because she suffered a stroke.

20. Pursuant to Plaintiff CAMPBELL's physician's orders, she was required to remain home for one (1) week.

21. Plaintiff CAMPBELL requested time off from her Team Lead, and again was denied the requested time off.

22. Upon Plaintiff CAMPBELL's return from sick leave, again, Plaintiff was not provided with the requested classroom support.

23. RAVENELL was fully aware of Plaintiff CAMPBELL's requests and need for additional support from staff in order to help facilitate her medical condition while teaching.

24. On or about October 23, 2018, Defendant's RAVENELL terminated Plaintiff's employment.

25. RAVENELL stated "WE DO NOT THINK YOU CAN HANDLE THE STRESS OF THE JOB."

26. Defendant discriminated against and terminated Plaintiff CAMPBELL on the basis of Plaintiff's disability and because Plaintiff CAMPBELL complained or opposed the unlawful conduct of Defendant related to the above protected classes.

27. All conditions precedent have occurred or been met, which includes the filing of a charge of discrimination with the U.S. Equal Employment Opportunity Commission prior to one

hundred eighty (180) days from the filing of this Complaint and the issuance of a Notice of Right to Sue on February 5, 2020.

28. Defendant retaliated against Plaintiff CAMPBELL for engaging in protected activity.

29. The above are just some examples of the unlawful discrimination and retaliation to which Defendant subjected Plaintiff.

30. Plaintiff CAMPBELL claims actual discharge and also seeks reinstatement.

31. As a result of Defendant's actions, Plaintiff felt extremely humiliated, degraded, victimized, embarrassed, and emotionally distressed.

32. As a result of Defendant's unlawful and discriminatory actions, Plaintiff has endured financial hardships and irreparable damage to Plaintiff's professional reputation.

33. As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer the loss of income, the loss of a salary, bonuses, benefits and other compensation, which such employment entails. Plaintiff has also suffered pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses. Plaintiff further claims aggravation, activation, and/or exacerbation of any preexisting condition.

34. As Defendant's actions were malicious, willful, outrageous, and conducted with full knowledge of the law, Plaintiff demands punitive damages against Defendant.

35. Plaintiff further claims aggravation, activation and exacerbation of a preexisting condition.

36. The above are just some examples of unlawful discrimination and retaliation to which the Defendant subjected Plaintiff.

## AS A FIRST CAUSE OF ACTION
## DISCRIMINATION UNDER
## THE AMERICANS WITH DISABILITIES ACT

37. Plaintiff realleges and incorporates by reference each allegation contained in paragraph 1 through 36 and further alleges as follows.

38. Plaintiff claims Defendant violated Title I of the Americans with Disabilities Act of 1990 (Pub. L. 101-336) (ADA), as amended, as these titles appear in volume 42 of the United States Code, beginning at section 12101.

39. SEC. 12112. [Section 102] specifically states "(a) General Rule. - No covered entity shall discriminate against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment."

40. Section 102 continues: "As used in subsection (a) of this section, the term 'discriminate against a qualified individual on the basis of disability' includes … (4) excluding or otherwise denying equal jobs or benefits to a qualified individual because of the known disability of an individual with whom the qualified individual is known to have a relationship or association."

41. Plaintiff is disabled, a member of a protected class and therefore protected under the ADA.

42. By the conduct described above, Defendant engaged in discrimination against Plaintiff because of Plaintiff's disability and subjected Plaintiff to disability-based hostility.

43. Specifically, this discrimination was based upon Plaintiff's disability in that Plaintiff would not have been the object of discrimination but for the fact of her disability.

44. At all relevant times to this action, Plaintiff CAMPBELL suffered a stroke, high blood

pressure and severe migraines and as a result required a brief period of hospitalization.

45. Plaintiff CAMPBELL notified Defendant of her stroke and Defendant acknowledged her request and in turn granted leave.

46. At all relevant times, Plaintiff CAMPBELL put defendant on notice of her need for accommodations as a result of her illness and resulting disability.

47. On multiple occasions, Plaintiff CAMBELL asked for the help of teachers and team leaders, including that of RAVENELL.

48. Defendant violated the section cited herein by creating and maintaining discriminatory working conditions, and otherwise discriminating and retaliating against the Plaintiff because of Plaintiff's stroke and the necessary time to recover.

49. Defendant violated the above and Plaintiff CAMPBELL suffered numerous damages as a result.

**WHEREFORE**, Plaintiff demands trial by jury and requests this Court to:

a. Declare that Defendant has unlawfully discriminated against Plaintiff in violation of the ADA;

b. Issue an order prohibiting further discrimination;

c. Order equitable relief including but not limited to back pay, reinstatement or front pay in lieu of reinstatement, and all other equitable relief provided in the ADA;

d. Award Plaintiff all compensatory and liquidated damages provided for in the ADA; and

e. Award Plaintiff her costs, attorney's fees, pre-judgment and post-judgment interest and such other and further relief as the Court deems proper.

## AS A SECOND CAUSE OF ACTION
## RETALIATION UNDER
## THE AMERICANS WITH DISABILITIES ACT

50. Plaintiff realleges and incorporates by reference each allegation contained in paragraph 1 through 36 and further alleges as follows.

51. SEC. 12203. [Section 503] states, "(a) Retaliation. - No person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter.

52. Plaintiff is disabled and as such is protected class under the ADA.

53. Plaintiff CAMPBELL informed Defendant and Defendants of her stroke, high blood pressure and severe migraines.

54. As a result of Plaintiff's need for accommodations and complaints of assistance, Defendant's terminated Plaintiff.

55. By the conduct described above, Defendant retaliated against Plaintiff for engaging in protected activity.

56. Plaintiff CAMPBELL objected to Defendant's attempts to terminate her employment with Defendant.

57. Defendant terminated Plaintiff CAMPBELL's employment with Defendant as a result of her disability.

58. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its leadership team were aware that discrimination on the basis of Plaintiff's disability was unlawful but acted in reckless disregard of the law.

59. Defendant violated the above and Plaintiff CAMPBELL suffered numerous damages as a

result.

**WHEREFORE**, Plaintiff demands trial by jury and requests this Court to:

    a. Declare that Defendant has unlawfully discriminated against Plaintiff in violation of the ADA;

    b. Issue an order prohibiting further discrimination;

    c. Order equitable relief including but not limited to back pay, reinstatement or front pay in lieu of reinstatement, and all other equitable relief provided in the ADA;

    d. Award Plaintiff all compensatory and liquidated damages provided for in the ADA; and

    e. Award Plaintiff her costs, attorney's fees, pre-judgment and post-judgment interest and such other and further relief as the Court deems proper.

## AS A THIRD CAUSE OF ACTION
## DISABILITY DISCRIMINATION AND HARASSMENT UNDER FCRA

60. Plaintiff realleges and incorporates herein the allegations contained paragraphs 1 through paragraphs 40 above.

61. Plaintiff is a disabled and is a member of a protected class under the FCRA.

62. By the conduct describe above, Defendant has intentionally engaged in discrimination against Plaintiff because of Plaintiff's disability and subjected the Plaintiff to disability -based animosity.

63. Such discrimination was based upon the Plaintiff's disability in that Plaintiff would not have been the object of discrimination but for her disability.

64. At all relevant times, Plaintiff put Defendant on notice of her need for accommodations as a result of her stroke, migraines and high blood pressure.

65. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its leadership team were aware that discrimination on the basis of Plaintiff's disability was unlawful but acted in reckless disregard of the law.

66. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

67. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

68. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

69. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

70. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

a. Adjudge and decree that Defendant has violated the FCRA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

b. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

c. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

d. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

e. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

f. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## AS A FOURTH CAUSE OF ACTION
## RETALIATION UNDER FCRA

71. Plaintiff realleges and incorporates herein the allegations contained paragraphs 1 through paragraphs 36 above.

72. Plaintiff is a member of a protected class under the FCRA.

73. As a result of Plaintiff's need for accommodations, Defendant's terminated Plaintiff.

74. By the conduct describe above, Defendant retaliated against Plaintiff for exercising rights protected under the FCRA.

75. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of Plaintiff's disability was unlawful but acted in reckless disregard of the law.

76. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

77. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

78. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

79. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court Grants relief:

**WHEREFORE**, Plaintiffs respectfully prays for the following relief against Defendant:

    a.  Adjudge and decree that Defendant has violated the FCRA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

b.  Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

c.  Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

d.  Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

e.  Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

f.  Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

**JURY DEMAND**

Plaintiff demands a trial by jury for the claims set forth in the complaint.

Dated: May 5, 2020

Miami, FL

**DEREK SMITH LAW GROUP, PLLC**
*Attorneys for Plaintiffs*

By: /s/ Tiffani-Ruth Brooks
    Tiffani-Ruth I. Brooks, Esq.
    Tiffani@dereksmithlaw.com
    701 Brickell Avenue, Suite 1310
    Miami, FL 33131
    (305) 946-1884